Good morning, your honor. Rich Raines appearing on behalf of plaintiff and appellant Donald Golden, M.D. As the briefs have pointed out, this case involves interpretation of California Business and Professions Code 16600. Why? Because California law applies to... So what? So you... Why is that the right for us to decide? Your client agreed to a settlement. Why is he bound by it? If he has a problem with it being carried out, at some point in the future, he can bring a lawsuit to contest it. Or he can, you know, depending on the posture of the case, he can raise 1660 as a defense. Well, why is this something we can or should take up at this point? Two reasons, your honor. First, a person cannot consent to an illegal contract. And this is an illegal contract. And those cases are cited in page 18 of the reply brief. Secondly... I'm sorry, what do you mean he can't consent? He certainly can consent. He may not be binding. He may, the term may not bind him. But why is this something we're concerned about now? It's an entirely hypothetical question. He may never be in a situation where this is an issue. Why would we be ruling on this hypothetical question? Because for the same reason the California Supreme Court in the Anderson case, Arthur Anderson case, ruled on that case, that person hadn't done anything to violate the anti-competition clause. But the court ruled the anti-competition clause was void. We don't want to wait until and have people's lives disrupted. This gentleman is a physician. It takes a long time to find an appropriate position. You apply. You become known in the community. You become a friend. Sounds entirely hypothetical to me. He might or might not ever be impacted by this provision. I don't understand why this is before us. Or why we would, why, you know, do we guarantee the legality of every term in a contract? That it's binding? Or do we issue some sort of guarantee when people enter a settlement agreement that terms don't violate anti-trust laws? We don't even know what the situation will be if and when this ever impacts him. At that point, the defendants might have more or less of a share of the market. I mean, they may completely go out of the business or they may increase their share. So whether or not this impacts him is something that has to be determined at a time when it arises, if it arises. I don't completely understand. It impacts him, Your Honor, because it impacts his ability to accept positions in the state of California, because the order that was issued by the district court empowers CEP to carry out the terms of this contract and fire him without cause or without recourse. Well, I don't know why the district court ruled on this. The district court ordered him to sign the contract and ordered the defendants to pay over the money. And, you know, I don't know why the district court issued this or advised their opinion as to what this section means, but we can certainly limit ourselves to just saying, look, you signed the contract, you agreed to pay the money, you're bound by it, you go and live with it. And if and when an issue arises where this section is implicated, you can litigate it then. Then you have another case for another day. Well, what business is of ours? I mean, do we go section by section in a contract and make sure they don't violate the antitrust laws or the environmental laws or Title VII? I mean, there are all sorts of laws that contracts can implicate. If and when they implicate them, you can take it to state court and they'll deal with it. How does Paragraph 7, I mean, how would you say Paragraph 7 of the agreement restrains Dr. Golden's ability to practice as emergency physician? Your Honor, it restrains him in a number of ways. First of all, currently. Currently. I mean, in light of Judge Kaczynski's question. Okay. There's nothing in the record to indicate that this would affect him currently, namely that he is working at a facility that CEP has, quote, acquired rights, unquote, in or is under contract with. I believe he is not working at such a facility. But let's say Dr. Golden, for reasons of health or whim or recreation or family needs, wants to move to, say, Escondido, where the only emergency room in the town for 50 miles is operated by CEP. He can't do that. He can't move there. He can't seek employment there. He can seek employment. There's nothing to prevent him from seeking employment. If CEP then has a problem with that, they can bring a lawsuit. And then you litigate this issue. Nothing prevents him from going to Escondido. Nothing prevents him from applying for the job. What prevents him, Your Honor, is the rights that CEP negotiated in this illegal contract. Your position is that it's illegal. So your position is this doesn't bind me. I'm going to go down there, apply for the job. If there's a problem with that, we'll have a lawsuit and we'll figure it out. Well, is he prevented from applying for the job? No, no one's – nothing could prevent me from applying to be a Supreme Court justice, Your Honor. But the practical considerations are I'm not qualified. You don't even have to be a lawyer. That's true. That's true. Although it's been a long time since a non-lawyer's been appointed. But – Maybe it's about time. The restraint, the Chamberlain – yeah, maybe it's time. I digress. The Chamberlain case that I said – I'll go to the White House and know you're interested. That was a case where there was a contract which imposed a condition that if the ex-employee sought work in California, Oregon, or Washington, he had to pay a liquidated sum of $5,000. Well, the California Supreme Court took up that case without – without the fact of having him attempt work in those states and having the ex-employer attempt to impose fines. The Supreme Court simply said such a contract is illegal in the state of California under our public policy. That $5,000 imposition – penalty, if you will – But they also give advisor opinions. You know, we send stuff to the California Supreme Court and they issue advisor opinions. They're not in the same constraints we are. We have to have a case of controversy. We have to have a real dispute here. This may never arise. It's entirely hypothetical. Incidentally, have you considered the possibility of perhaps certifying this to the California Supreme Court? Frankly, I have not, Your Honor, because the Arthur Anderson opinion, I think, is so clearly demonstrative that this case is – this contract, this settlement agreement, is illegal, unenforceable, and void under California law. So Dr. Golden can just act like it doesn't exist, right? He can just act like it doesn't exist because his position is it's so clearly illegal. And if he then ties to – if CEP disagrees, they can face this authority and then they can deal with it, right? By the way, do you have your brief there? Excuse me, Your Honor? Do you have your brief in front of you? Yes, I do, Your Honor. Okay. Are you familiar with Rule 32 and its terms? Not off the top of my head, no, Your Honor. Well, it requires 14-point font. I'll give you a copy here. Let the clerk come over here. This says a brief must be in plain Roman style, 14-point font, okay? Look at your footnotes. Are those in 14-point font? No, Your Honor, they are not. Okay. Why not? My mistake. You will file a conforming brief in the next seven days and not charge a client for it? Yes, Your Honor. Okay. You've got a minute left for rebuttal. I reserve a minute, please. Okay. We'll hear from the defense. Or a police. Good morning. May it please the court, my name is Sarah Robertson. I represent Appellee California Emergency Physicians Medical Group and the other appellees. So why should we rule on this issue, on this entirely hypothetical issue? Well, I suppose I hadn't considered the issue   I'm not a lawyer, I'm not an attorney, I'm not a lawyer, in a situation such as the case in the Doi case where there was a do not reapply provision in a settlement agreement, someone who had signed such a settlement agreement could presumably, notwithstanding that, could go and reapply anyway. And the employer would come back and say you're not allowed to do this, probably on a demurrer or a 12B6 motion, you've signed a binding agreement and we litigate it at that point. So I see the issue that you're raising. So what's your position on that? Well, we would prefer a ruling now on this issue, but I do understand that the issue is not... Of course you prefer a ruling now, if it's in your favor. Let me ask you this. Were we to rule against you on this issue, rule on it or rule against you, what would be your position as to what happens next? In what sense? Well, what happens? Does that enforce the settlement agreement without the clause? Does it void the entire settlement agreement and send the parties back to litigation in the district court on the underlying case? I suppose it would, in the context of the way this... You must have thought about this, right? In the context... What if you lose on this issue? What is the consequence? Are you then bound by a settlement agreement that has this clause stricken? Our position would be that we're not, Your Honor, because this was a material term of the settlement agreement that was pressed by defendants in the court below in an effort to buy a final separation between the parties where... But you're making this up right now on the spot. It's not in your briefs. It's not in your position, right? You haven't said anything about it. So I got to the end of the briefing and I am now not understanding what would happen. I understand what happens if we say the clause is valid. I understand what would happen, because I thought about it, if we say, look, it's none of our business. You guys go forward with the agreement as you've agreed to it and litigate it later. I understand what happens then. But I do not understand. I don't understand the position of either party as to what happens if we were to disagree with the district court on this provision. What happens next? Do we enforce it as we have it enforced without the clause? Do we send it back for litigation? Surely you must have given this matter some thought and talked to your client about it and considered that as a possibility, right? Of course, Your Honor. So what is your position? I'm not asking you to extemporize theory. What is your position as to what happens next? Our position would be that the entire settlement agreement would have to be renegotiated. We believe the settlement agreement is valid as it is, but if you struck only that provision, that would be a substantial material provision as to what the defendants wanted in the court below was to buy a plea. Well, let me ask you this. Why can't we say, look, there was not a meeting of the minds here. They may have agreed to something, but there seems to be a material disagreement as to whether or not this clause is valid. And since there is this material disagreement as to whether this clause is valid, Dr. Golden seems to be really troubled by it. There really was not a meeting of the minds and we ought to set it aside and you guys go back to the district court and try a case. Why isn't that the right solution? Well, Your Honor, in order for there to be a failure of a meeting of the minds, there would have to be some case law support for the notion that the challenged provision paragraph 7 of the agreement is invalid as a matter of law and there is no support for that. There are dozens and dozens of cases upholding comparable positions in the employment setting. Would it be true if CEP had 100% of the emergency rooms, controlled 100% of the emergency rooms in California would that that controls 25% and growing, right? If it's controlled 100% would that still be okay? Well, the issue I have with the 100% idea and question is there's not any evidence at all in the record about the point that you're raising now that's properly in the record. The excerpt from the website that has been included... You know what we call this in the business? Fighting the hypothetical. So you're going to spend time, you're going to burn up valuable time not to answer my question. If you don't want to answer my question, that's okay. I understand it's hypothetical. I understand it's not supported in the record. That's how hypotheticals work. I say, what if? What if means, look, this is not in the record. This is a different case. Tell me how it would come out. Give me a lecture about how this is not what's in the record. Just waste your time. Waste my time. Annoys me terribly. And doesn't further the ball. So what are you going to do? Are you going to give me an answer to my question or are you going to sit there and react about something else? Well, I suppose if... If it's 100%, assume that the CEP has 100% of the emergency room controls 100% of the emergency rooms in California. Make that assumption. Just imagine that. Does that implicate this section? At that point, is that a complete inability of Dr. Gold to practice? At that point, I think at least Appellant would have an argument to make in that regard. Is it possible this could change by the time this clause comes to play? The percentage? Certainly. It's possible that that could change. I'm just curious. Your position on 16-600, it seems very broad. Let's just say this is ripe for review. What is your position or can you tell me how you defend the district court's order and the language there in light of 16-600? Certainly, Your Honor. The 16-600 has been broadly recognized by Edwards and other cases that are cited in Edwards to prohibit clauses that restrain competition. This does not restrain competition with CEP. In fact, it invites or encourages competition because the only place that Appellant could not work following signing this agreement if he were to abide by paragraph 7 is CEP itself. Although this arises in the context of a departing partner from a general partnership, we have analogized it in the brief to a no-reemployment clause where an employee who is settling with his employer agrees not to reapply to work for the employer. But the problem that I have is with respect to the last page of the district court's order in which he says this is not a covenant to compete. He seems to infer that the statute only refers to covenants not to compete. Obviously, it's much broader than that and much more favorable to, in this case, the Appellant. I agree that the language of 16-600 itself is broader than the non-competition scenario that is encompassed in Edwards and the other cases. This does involve, however, a departing partner from a partnership in section 16. But the language, even though it involves a partner departing, it says, the language in 16-600 says, except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void. How is he not restrained in any way? Well, certainly not being able to come back to CEP would restrain his ability to work for CEP. That's a restraint. But the issue here is that there are competing public policies favoring the resolution of disputes. And if the Court were to announce a rule that in California there can be no valid no-reemployment clause, which is what is urged by Appellant in the reply brief ever, then it would be virtually impossible to settle any dispute between employer and employee or a departing partner. Here's where the facts come into play. And this is not a very well-developed record. But suppose the facts are we don't know this that except for the ER that he is in right now, every other ER in the entire state of California is managed by your client, in which case he is totally barred from leaving his present position. Wouldn't that clearly come under the statute? Well, I think in that hypothetical scenario we would have a much more of an uphill climb on an argument like this. No, I think you've pretty much given that one away. You said if everyone so Judge O'Scanlan just subtracted one from everyone the one he's currently employed so I think you've pretty much given that one away. Well, I will say just in closing that you're correct that the record is... We don't know as far as the record is concerned that that is not the case, right? That's right. The record is very The only thing in the record is something that shouldn't be there because it was printed from a website and was never part of the record in the court below as evidenced by the date of the printout on the document itself and its absence from the docket. Okay. Thank you. Mr. Meyers, I meant to do the same question I asked the opposing counsel. Assuming you win us this provision, what's next if we agree with you that this is a this provision is illegal? If we reach the question and if we then rule in your favor disagree with this record? California Civil Code Section 1608 No, no, no. I'm sorry. The answer is the whole thing goes away. The contract, the entire contract is void. So you agree with counsel on the other side the consequence would be that you guys go back to trial or go back to district court to get the case. That's my understanding of the law. That's your position. Okay. In her remarks, counsel said that 1660 is limited to restraining contracts that restrain competition. That is not what 16600 says. 16600 is to protect individuals, people working people like us in this room who I want to leave my law firm and I want to go off to San Diego and I don't want some contract that I signed when I started. When I started saying no, if you go to San Diego, you've got to pay $5,000 back to us. If $5,000 is enough for the California Supreme Court to say no, that's a restraint then the itemized restrictions in Dr. Golden's settlement agreement are enough to void that agreement also. Thank you. Thank you, Your Honor. Cases are used and submitted.
judges: Kozinski, O'scannlain, Murguia